IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § § | |
| v. | § § | No. CR 1:22-01520-001 JB |
| RICKY EDDIE MARTINEZ, JR., | § § | |
| Defendant. | § § | |

UNOPPOSED MOTION TO CONTINUE TRIAL AND DEADLINES

Ricky Eddie Martinez, Jr., Defendant, by and through Hans P. Erickson, counsel for Defendant, moves the court to continue the jury trial currently scheduled for November 21, 2022, and to vacate and reschedule all other deadlines and settings in this matter. In support of this motion, Defendant states:

1. Defendant pleaded not guilty to an indictment on September 27, 2022 and is charged by indictment with Counts 1, 3, and 5: 18 U.S.C. § 1951, Interference with Commerce by Robbery; Counts 2 and 4:18 U.S.C. § 92a(c)(l)(A)(ii), Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence, and Possessing and Brandishing a Firearm in Furtherance of Such Crime; Count 6: 18 U.S.C. § 92a(c)(1)(A)(iii), Using and Carrying a Firearm During and in Relation to a Crime of Violence, and Possessing a Firearm in Furtherance of Such Crime; Discharging Said Firearm; Count 7: 18 U.S.C. § 1951 : Interference with Commerce by Attempted Robbery; and Count 8: l8 U.S.C. §§ 922(g)(l) and924, Felon in Possession of a Firearm and Ammunition.

2. Mr. Martinez has been in custody at the Cibola County Correctional Center since his arrest on August 18, 2022.

3. Trial in this matter is currently scheduled for November 21, 2022.

4. The trial date has not been continued before.

5. Defendant respectfully requests a continuance to complete several tasks that are vital to the defense. Specifically, Defendant requests an additional 90 days from the current setting to prepare for trial. Ninety days is the minimum amount of time that is required to adequately prepare for trial. Defense counsel cannot and will not be ready for trial in advance of 90 days from the current setting.

6. A continuance of 90 days is necessary for counsel to complete the following tasks:

   A) To prepare and file any necessary pretrial motions.

   B) To continue plea negotiations with the government. It is believed that a negotiated resolution of this matter may be possible and that additional time is necessary to pursue such negotiations.

   C) Should plea negotiations not yield a resolution, defense counsel requires additional time to a) interview any additional witnesses; b) to obtain expert witnesses for trial; and c) to file pretrial motions.

7. Defendant requests a continuance of the trial of no less than 90 days from the current setting. Counsel believe that length of time to be the minimum needed to obtain outstanding discovery, to conduct any follow-up investigation, to continue plea negotiations

with the government, to file pretrial motions, to accommodate scheduling conflicts and to ensure that Defendant receives effective assistance of counsel and is accorded due process.

8. The right to the effective assistance of counsel includes adequate time to prepare for trial. Without that adequate time to prepare for trial, Defendant will be denied her right to the effective assistance of counsel. As the Eleventh Circuit has recognized,

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment."

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940).

9. Defendant agrees with this continuance and will not be prejudiced by this continuance. Additional time will not prejudice Defendant and will potentially allow him to reach a favorable resolution with the government. Counsel has discussed with Defendant his rights under the Speedy Trial Act and Defendant understands the need for a continuance and respectfully request that the court continue the trial for the 90 days requested by counsel.

10. Undersigned counsel affirmatively states that the ends of justice will be served by granting this extension of time in which to file motions and a continuance of the trial. *See*

*United States v. Hernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest firmly in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009)). Additional time will allow the defense time to consult with, and obtain, necessary expert witnesses, conduct a thorough review of all of the discovery in this matter and to interview any witnesses that may be necessary. Additionally, a continuance of the deadlines and jury trial in this matter will provide the parties time to discuss a possible negotiated resolution of this matter. Such a negotiated resolution would conserve judicial and prosecutorial resources and could also materially benefit the defendant by providing access to a more favorable resolution of this matter. This motion is not predicated upon the congestion of the Court's docket.

11. Counsel for the government, AUSA Timothy Dale Trembley/Mark Christian Pfizenmayer, does not oppose this motion.

WHEREFORE, Defendant, by and through undersigned counsel, respectfully requests that this Court continue the jury trial and motions deadline as set forth above.

    Respectfully submitted,

    FEDERAL PUBLIC DEFENDER
    111 Lomas Blvd., NW, Suite 501
    Albuquerque, NM 87102
    (505) 346-2489
    (505) 346-2494 Fax
    hans_erickson@fd.org

    */s/   Electronically filed on 11/8/22*
    HANS P. ERICKSON, AFPD
    Attorney for Ricky Eddie Martinez, Jr.