IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                 No. 22-CR-01520-JB

RICKY EDDIE MARTINEZ, JR.,
ADELENE URQUIJO, and
ASHLEY THOMPSON,

        Defendants.

## DEFENDANTS' UNOPPOSED JOINT MOTION
## TO CONTINUE TRIAL SETTING

COME NOW Defendant Ricky Eddie Martinez, Jr, through his counsel of record, Robert R. Cooper, and Defendant Adelene Urquijo, through her counsel of record, Joachim Marjon, and respectfully move this Court to continue the May 6, 2024 trial setting and to vacate and reschedule all other deadlines in this matter. As grounds, counsel state:

    1.    On August 18, 2022, Assistant Federal Defender Hans Erickson was appointed to represent Mr. Martinez.

    2.    On September 13, 2022, Mr. Martinez was charged with three counts of interference with commerce by robbery; two counts of using, carrying, and brandishing a firearm during and in relation to a crime of violence, and possessing and brandishing a firearm in furtherance of such crime; one count of using and carrying a firearm during and in relation to a crime of violence, and possessing a firearm in furtherance of such crime; discharging said firearm; one count of interference with commerce by attempted robbery; and being a felon in possession of a firearm and ammunition. *See* Indictment [Doc. No. 16].

3. On September 19, 2023, a Superseding Indictment was filed, charging Mr. Martinez with the same offenses as alleged in the initial Indictment, charging Ms. Urquijo with interference with commerce by attempted robbery, and charging Ms. Urquijo and Ms. Thompson with being accessories after the fact. *See* Superseding Indictment [Doc. No. 34].

4. On September 25, 2023, Joachim Marjon was appointed to represent Ms. Urquijo.

5. On December 4, 2023, Jedidiah James Glazener was appointed to represent Ms. Thompson.

6. On February 1, 2024, this matter was transferred from the Federal Public Defender's Office and undersigned counsel Robert R. Cooper was appointed to represent Mr. Martinez. *See* Order Appointing Attorney [Doc. No. 68].

7. On April 8, 2024, Ms. Thompson entered a change of plea. *See* Plea Agreement [Doc. No. 74].

8. Trial is currently set for May 6, 2024. *See* Order [Doc. No. 70].

9. Defendants Ricky Eddie Martinez, Jr. and Adelene Urquijo respectfully request a ninety (90) day continuance to complete tasks that are vital to their defense. Recently appointed counsel for Mr. Martinez needs time to review the discovery, carry out investigations, conduct legal research, develop a relationship with Defendant, complete plea negotiations with the Government, and, should such negotiations fail, prepare and file motions and prepare for trial.

10. Before counsel can adequately advise Defendants about their legal options, counsel must review the discovery and conduct a thorough and complete investigation into

the charges. Defense counsel has a recognized duty to conduct a reasonable investigation. *See Strickland v. Washington*, 466 U.S. 668, 691, 104 S. Ct. 2052 (1984).

11. Counsel also require the additional ninety (90) days to determine whether to file pretrial motions and to prepare those motions. Counsel cannot adequately advise Defendants regarding pretrial motions prior to reviewing discovery, conducting investigations, and having adequate opportunity to discuss with them their rights and legal defenses.

12. The parties also require additional time to discuss the possibility of a negotiated resolution. Defendants believe it is in their best interest to explore whether this matter can be resolved without a trial. Plea negotiations and a complete explanation of the consequences of pleas are vital to uphold the integrity of the plea process and to facilitate a full understanding on the part of a defendant. *See Missouri v. Frye*, 132 S.Ct. 1399 (2012) and *Padilla v. Commonwealth of Kentucky*, 130 S. Ct. 1473 (2010). However, defense counsel must complete discovery review and defense investigations prior to effectively advising Defendants on any negotiated resolution in this case.

13. If the parties cannot reach a negotiated resolution, counsel require additional time to prepare for trial. Defendants' right to the effective assistance of counsel includes adequate time to prepare their defense. Without adequate time to prepare, Defendants will be denied their right to the effective assistance of counsel. As the Eleventh Circuit has recognized:

> "Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: Disposition of a request for continuance…is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of

3

>opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment."

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940).

14. Defendants therefore respectfully request a continuance of ninety (90) days. Defendants cannot and will not be ready for trial before ninety (90) days from the current setting. Counsel believe ninety (90) days is the minimum time needed to complete discovery review, conduct investigations, meet with Defendants, engage in plea negotiations with the Government, file any pretrial motions, and ensure Defendants receives effective assistance of counsel and is afforded due process.

15. The continuance will not prejudice Defendants, as it will allow counsel the opportunity to prepare an effective defense and to attempt to negotiate a favorable plea agreement. Counsel have informed Defendants of their rights under the Speedy Trial Act. Defendants agree with this continuance and waive any speedy trial claim, whether constitutional or statute based, related to this Motion to Continue.

16. In accordance with 18 U.S.C. § 3161(h)(7)(A), undersigned counsel affirmatively state that granting a continuance of the trial will serve the ends of justice. *See United States v. Toombs,* 574 F.3d 1262, 1273 (10th Cir. 2009) ("The Speedy Trial Act was intended not only to protect the interests of defendants but was also 'designed with the public interest firmly in mind.'") (quoting *Zedner v. United States*, 547 U.S. 489, 504 (2006)). As part of its analysis, a court must consider "[w]hether the failure to grant such a continuance

in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." *Toombs,* 574 F.3d at 1267 (10th Cir. 2009). Additional time in this matter will serve the ends of justice by allowing defense counsel to adequately investigate the case and prepare and file any necessary pretrial motions.

17. A continuance will provide the parties time to discuss a possible negotiated resolution of this matter. Such a negotiated resolution would conserve judicial and prosecutorial resources and could also materially benefit Defendants by providing them access to a more favorable resolution of this matter. The Federal Rules of Criminal Procedure, the Speedy Trial Act, and the Federal Rules of Evidence all contemplate the use of pre-trial resources in the effort to settle cases without trial. *See Connolly v. United States,* 2013 WL 530869 (D.N.J. Feb. 11, 2013) (waste of prosecutorial and judicial resources and delay in the trial of this case is contrary to the objectives underlying the Speedy Trial Act of 1974, 18 U.S.C. § 3161, et seq.); *United States v. Stanton,* 94 F.3d 643 (4th Cir. 1996) (unpublished) ("it is also clear that the obvious reason the district court granted the motion was to conserve judicial resources by avoiding potential piecemeal litigation, and this justified an ends of justice finding under § 3161"); *United States v. Stradford,* 394 F.App'x, 927, 2010 WL 3622995 (3d Cir. 2010) (unpublished) (affirming the grant of a continuance for several reasons including the time to discuss plea negotiations and the continuance would likely conserve judicial resources). At this time, undersigned counsel believe the parties will be able to reach a negotiated resolution of this matter within ninety (90) days of the current trial setting.

18. This Motion is not predicated upon the congestion of the Court's docket.

19.     Counsel has contacted Assistant United States Attorney Timothy Trembley, who states that the United States has no objection to the relief requested herein.

WHEREFORE Defendants Ricky Eddie Martinez, Jr. and Adelene Urquijo respectfully request this Court continue the trial for ninety (90) days as set forth herein, and for such other and further relief which the Court deems just.

                Respectfully Submitted,

                ROBERT R. COOPER LAW FIRM, P.C.
                */s/ Robert R. Cooper*
                ROBERT R. COOPER
                Counsel for Defendant Ricky Eddie Martinez Jr
                1011 Lomas Blvd. NW
                Albuquerque, New Mexico 87102
                (505) 842-8494
                bob@rrcooper.com

                MARJON LAW LLC
                */s/ Joachim Marjon*
                JOACHIM MARJON
                Counsel for Defendant Adelene Urquijo
                9621 Fourth St. NW
                Albuquerque, New Mexico 87114
                (505) 980-2559
                joachim@marjonlaw.org

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2024 I filed the foregoing electronically through the CM/ECF system, which caused all counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

                */s/ Robert R. Cooper*
                ROBERT R. COOPER